IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID W. COSGRAY,

    Plaintiff,

v.                                                Case No. 24-cv-0540-MV-GJF

EDDY COUNTY DETENTION CENTER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff David Cosgray's Amended Prisoner Civil Rights Complaint (Doc. 5) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He alleges that his former prison was unsafe due to staffing shortages. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**I.    Background**[1]

    Plaintiff was previously incarcerated at the Eddy County Detention Center (ECDC) in Carlsbad, New Mexico. *See* Doc. 5 at 1. In the instant Complaint, he alleges that prison officials risked his personal safety due to staffing shortages. *Id.* at 2-3. The Complaint does not provide further details or specify whether Plaintiff suffered any attack.

    Construed liberally, the Complaint raises a claim for deliberate indifference to health/safety under the Eighth Amendment and 42 U.S.C. § 1983. Plaintiff seeks $50,000 in damages from one Defendant: ECDC. *See* Doc. 5 at 1, 4. Plaintiff obtained leave to proceed *in forma pauperis* and

---

[1] The background facts are taken from the allegations in the Amended Complaint (Doc. 5), which the Court accepts as true for the purpose of this ruling.

paid the initial partial filing fee.  *See* Docs. 17, 18.  The matter is therefore ready for initial review under 28 U.S.C. § 1915(e).

## II. Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall*, 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

## III. Discussion

Plaintiff's claims are analyzed under 42 U.S.C. § 1983, which is the "remedial vehicle for

2

raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint does not state a cognizable claim. The only named Defendant is ECDC. However, detention centers are not considered "persons" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" that can be sued under § 1983); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities ... are not 'persons' ... under § 1983"); *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) ("a detention facility is not a person or legally created entity capable of being sued" under § 1983). The Complaint against ECDC must therefore be dismissed for failure to state a § 1983 claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).

*Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may therefore file a single, amended complaint within ninety (90) days of entry of this ruling. The amendment must comply with Rule 8(a) of the Federal Rules of Civil Procedure and set forth a short, plain statement of the grounds for relief. Plaintiff should include all claims and factual allegations in the single amendment, rather than filing supplemental letters.

The amendment must also "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). *See also Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("collective allegations" regarding the alleged wrongdoing do not state a viable § 1983 claim).

Plaintiff is reminded that, to state a deliberate indifference claim under the Eighth Amendment, the amendment must show: "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). Plaintiff should provide details regarding why he believed his safety was at risk based on the staffing shortages, such as his housing arrangements and whether other inmates caused harm or threatened to cause harm. The amendment must also include "evidence of [each individual] prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). In other words, the amendment "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted). Finally, if the amendment names entity-defendants or prison supervisors who were not directly involved in the wrongdoing, the allegations must show such defendant(s) promulgated a policy or custom that caused the constitutional violation. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("Supervisory liability allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements a policy which ... causes" a constitutional violation). If Plaintiff fails to timely amend or files another pleading that fails to state a cognizable § 1983 claim, the Court may dismiss this

4

case without further notice.

**IT IS ORDERED** that Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 5**) is **DISMISSED without prejudice**; and Plaintiff may file an amended complaint **within ninety (90) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE